James E. Doroshow, Esq. (SBN: 112920)
    jdoroshow@linerlaw.com
Brian T. Hafter, Esq. (SBN: 173151)
    bhafter@linerlaw.com
Matthew Borden, Esq. (SBN: 214323)
    mborden@linerlaw.com
LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP
199 Fremont Street, 20th Floor
San Francisco, CA  94105-2255
Telephone:  (415) 489-7700
Facsimile:  (415) 489-7701

Dwayne K. Goetzel, Esq. (SBN: 08059500)
Ryan T. Beard, Esq. (SBN: 24012264)
MEYERTONS HOOD KIVLIN
KOWERT & GOETZEL PC
700 Lavaca, Suite 800
Austin, TX  78701
Telephone:  (512) 853-8800
Facsimile:  (512) 853-8801
(admitted pro hac vice)

Attorneys for Defendant
Vision Dynamics, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| TOKUYAMA CORPORATION, | Case No. C08-02781 SBA |
| Plaintiff, | **VISION DYNAMICS' ANSWER AND COUNTERCLAIMS** |
| v. | |
| VISION DYNAMICS, LLC, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Subject to the motion to stay pending reexamination of the patent at issue herein, Defendant Vision Dynamics, LLC ("Vision Dynamics") hereby files its answer and counterclaims in response to the complaint (the "Complaint") filed by Tokuyama Corporation ("plaintiff") and would show the Court the following:

## ANSWER

**Introductory Paragraph**

With respect to the unnumbered introductory paragraph in the Complaint, Vision Dynamics denies the allegations set forth therein.

**Jurisdiction**

1. Vision Dynamics admits that the Complaint purportedly arises under the patent laws of the United States and that this Court has jurisdiction over patent claims. Vision Dynamics denies the allegation of infringement set forth in paragraph 1 of the Complaint.

**Intradistrict Assignment**

2. Vision Dynamics admits that assignment to the San Jose division may be appropriate, assuming venue is established in this judicial district, but denies the allegation of infringement set forth in paragraph 2 of the Complaint.

**Venue**

3. Vision Dynamics denies that venue is appropriate in this judicial district, and denies the allegation of infringement set forth in paragraph 3 of the Complaint.

**Parties**

4. Vision Dynamics lacks sufficient knowledge or information at this time to form a belief as to the truth of the allegations of paragraph 4 of the Complaint, and on that basis denies same.

5. Vision Dynamics admits that it is a Kentucky corporation venued in Kentucky, and denies the remaining allegations of paragraph 5 of the Complaint.

///

**Tokuyama's Alleged Technology**

6. Vision Dynamics lacks sufficient knowledge or information at this time to form a belief as to the truth of the allegations of paragraph 6 of the Complaint, and on that basis denies same.

7. Vision Dynamics lacks sufficient knowledge or information at this time to form a belief as to the truth of the allegations of paragraph 7 of the Complaint, and on that basis denies same.

8. Vision Dynamics lacks sufficient knowledge or information at this time to form a belief as to the truth of the allegations of paragraph 8 of the Complaint, and on that basis denies same.

**Tokuyama's Alleged Patent Rights**

9. Vision Dynamics admits that U.S. Patent No. 5,621,017 issued from the U.S. Patent and Trademark Office. Vision Dynamics lacks sufficient knowledge or information at this time to form a belief as to the truth of the other allegations of paragraph 9 of the Complaint, and on that basis denies same.

10. Vision Dynamics admits that the U.S. Patent and Trademark Office issued a reexamination certificate for the '017 patent. Vision Dynamics lacks sufficient knowledge or information at this time to form a belief as to the truth of the other allegations of paragraph 10 of the Complaint, and on that basis denies same.

11. Vision Dynamics lacks sufficient knowledge or information at this time to form a belief as to the truth of the allegations of paragraph 11 of the Complaint, and on that basis denies same.

**Cause of Action for Alleged Patent Infringement**

12. Plaintiff has merely incorporated by reference its previous allegations, thus an admission or denial is not required. To the extent an admission or denial is required, Vision

///

Dynamics also incorporates its admissions and denials for such referenced paragraphs for the Complaint.

13.  Vision Dynamics denies the allegations set forth in paragraph 13 of the Complaint.

14.  Vision Dynamics denies the allegations set forth in paragraph 14 of the Complaint.

15.  Vision Dynamics admits that it has had prior discussions with plaintiff, but denies the remaining allegations in paragraph 15 of the Complaint.

16.  Vision Dynamics denies the allegations set forth in paragraph 18 of the Complaint.

17.  Vision Dynamics denies the allegations set forth in paragraph 17 of the Complaint.

**Prayer for Relief**

18.  Vision Dynamics denies that plaintiff is entitled to any of the rights or relief requested in the unnumbered Prayer for Relief in the Complaint.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

19.  Plaintiff has failed to state a claim upon which relief can be granted pursuant to FED. R. CIV. P. 12(b)(6).

**Second Affirmative Defense**

20.  The patents asserted by plaintiff in the Complaint against Vision Dynamics are invalid under one or more provisions of Title 35 of the United States Code §§ 101, et seq., including at least one of §§ 101, 102, 103, and 112.  In addition, Plaintiff has failed to adequately mark its products pursuant to 35 U.S.C. § 287.

**Third Affirmative Defense**

21.  No valid, properly construed or enforceable claims of the patent asserted by plaintiff in the Complaint against Vision Dynamics has been infringed literally or under the doctrine of equivalents by any product that Vision Dynamics makes, uses, sells, offers to sell or imports, or has made, used, sold, offered for sale, or imported, into the United States and Vision Dynamics has not induced others to infringe, is not inducing others to infringe, and has not contributed to and is not

contributing to any other person's (*e.g.*, Optical Dynamics) alleged infringement of the patent asserted by plaintiff in the Complaint against Vision Dynamics.

**Fourth Affirmative Defense**

22. Plaintiff is estopped, by virtue of the prosecution record made in the United States Patent and Trademark Office (PTO) during the pendency of the application resulting in the patent asserted by plaintiff in the Complaint against Vision Dynamics, from construing any claim of those patents as covering any of Vision Dynamics' products.

**Fifth Affirmative Defense**

23. Plaintiff is estopped from asserting patent infringement against Vision Dynamics under the equitable doctrines of laches, estoppel, prior settlement, license, unclean hands, preclusion, standing, misuse, and/or waiver. Vision Dynamics also pleads any requisite intent for plaintiff necessary for these doctrines.

## COUNTERCLAIMS

**The Parties**

24. Vision Dynamics is a Kentucky corporation with its principal place of business in Louisville, Kentucky.

25. Plaintiff/counter-defendant Tokuyama Corporation is, upon information and belief, a Japanese corporation with a principal place of business in Japan.

**Jurisdiction and Venue**

26. Jurisdiction is proper in the United States district courts pursuant to 28 U.S.C. § 1338. Venue is proper in this judicial district with respect to the counterclaims made against plaintiff and counter-defendant, pursuant to 28 U.S.C. § 1391 and 1400, in that that is the judicial district in which plaintiff/counter-defendant resides or may be found, and in which a substantial part of the events or omissions giving rise to the alleged claim occurred.

**General Averments**

27. Plaintiff/counter-defendant has asserted ownership of a certain patent (the "asserted

1 patent"), and has filed in this judicial district a Complaint, alleging, *inter alia*, that Vision Dynamics is infringing, contributing to the infringement of, and/or inducing the infringement of the asserted patent. An actual and justicable controversy exists between Vision Dynamics and plaintiff/counter-defendant with respect to infringement, validity, and/or enforceability of the asserted patent.

28. Prior to filing its answer herein, Vision Dynamics filed a request for reexamination of the asserted patent.

29. In light of the reexamination request, Vision Dynamics filed a Motion to Stay the present case, and this motion is scheduled to be heard on or about September 3, 2008.

30. Vision Dynamics has previously informed plaintiff/counter-defendant as to the reasons why Vision Dynamics is not infringing plaintiff's alleged rights and as to why the '017 patent is invalid.

31. Upon information and belief, despite its awareness of Vision Dynamics' noninfringement of plaintiff/counter-defendant's alleged rights, and the invalidity of the '017 patent, plaintiff/counter-defendant instead chose to file the instant lawsuit.

32. Moreover, plaintiff-counter-defendant has asserted in this lawsuit that Vision Dynamics is liable for the alleged acts of a company called Optical Dynamics, despite the fact that plaintiff/counter-defendant knows full well that Optical Dynamics assigned all of its assets for the benefit of creditors (a bankruptcy-like proceeding) in Kentucky. In fact, plaintiff/counter-defendant participated and got paid for its claims against Optical Dynamics in the Kentucky proceeding, yet now plaintiff/counter-defendant is misusing its patent rights to attempt a double recovery from Vision Dynamics.

**Counterclaim I – Declaration of Patent Invalidity and/or Unenforceability**

33. Vision Dynamics repeats and realleges the allegations of paragraphs 24-32 of the counterclaims as if fully set forth herein.

34. The claims of the asserted patent are invalid and/or unenforceable under one or more

provisions of Title 35 of the United States Code §§ 101, et seq., including at least one of §§ 101, 102, 103, and 112, or by virtue of the doctrines of laches, estoppel, prior settlement, license, unclean hands, preclusion, misuse, and/or waiver. Vision Dynamics also pleads any requisite intent for plaintiff/counter-defendant necessary for these equitable doctrines.

35. The claims of the asserted patent are invalid and/or unenforceable under one or more provisions of Title 35 of the United States Code §§ 101, et seq., including at least one of §§ 101, 102, 103, and 112.

36. Pursuant to 28 U.S.C. §§ 2201 and 2202, Vision Dynamics respectfully requests that the Court enter an order declaring that the asserted patent is invalid and/or unenforceable.

**Counterclaim II – Declaration of Noninfringement**

37. Vision Dynamics repeats and realleges the allegations of Paragraphs 24-35 of the counterclaims as if fully set forth herein.

38. The products manufactured, used, sold, offered for sale, and/or imported into the United States by Vision Dynamics do not infringe (either literally or by the doctrine of equivalents), contributorily infringe, or induce infringement of any valid, properly construed and/or enforceable claim of the asserted patent.

39. Plaintiff is estopped, by virtue of the prosecution record made in the PTO during the pendency of the application resulting in the asserted patent, from construing any claim of that patent as covering any of Vision Dynamics' products/methods.

40. Pursuant to 28 U.S.C. §§ 2201 and 2202, Vision Dynamics respectfully requests that the Court enter an order declaring that Vision Dynamics has not infringed the asserted patent.

**Counterclaim III – Antitrust Violations**

41. Vision Dynamics repeats and realleges the allegations of paragraphs 24-40 of the counterclaims as if fully set forth herein.

42. Upon information and belief, plaintiff/counter-defendant has violated certain state and federal antitrust statutes, including but not limited to one or more sections of the Sherman Act

(*e.g.*, 15 U.S.C. §§ 1 and/or 2); one or more sections of the Clayton Act (*e.g.*, 15 U.S.C. §§ 14, 15, and/or 18) (collectively, the "Antitrust Statutes").

43. Upon information and belief, plaintiff/counter-defendant violated one or more of the Antitrust Statutes, by illegally attempting to monopolize the relevant products' market by (1) engaging in predatory and anticompetitive conduct, (2) with specific intent to monopolize, and (3) there exists a dangerous probability of plaintiff/counter-defendant achieving monopoly. Upon information and belief, plaintiff/counter-defendant has misused its patent rights and/or violated one or more of the Antitrust Statutes by knowingly asserting patent claims that it knows are invalid, and/or by attempting to procure patent infringement recovery from Vision Dynamics for acts that were performed by Optical Dynamics, with full knowledge that Vision Dynamics had no liability for such acts, and after plaintiff/counter-defendant had participated in the assignment for benefit of creditor proceedings in Kentucky, and had been paid for its claims against Optical Dynamics.

44. Plaintiff/counter-defendant's violations of the Antitrust Statutes, as described above, have caused and continue to cause measurable harm to Vision Dynamics, and Vision Dynamics is therefore entitled to recover damages and treble damages. Specifically, plaintiff/counter-defendant's antitrust violations have deprived, and continue to deprive, Vision Dynamics of business that it would otherwise have enjoyed, Vision Dynamics' reputation has been damaged, and competition in the marketplace has been harmed, resulting in damage to consumers as well as Vision Dynamics.

**Request for Jury Trial**

45. Vision Dynamics respectfully requests that the above-entitled matter be tried by a jury.

**Prayer for Relief**

In light of the foregoing, Vision Dynamics requests that the Court grant Vision Dynamics the following relief:

///

A. An award of damages, including any losses that Vision Dynamics has sustained as a result of plaintiff/counter-defendant's violation of the Antitrust Statutes, and injunctive relief restraining plaintiff/counter-defendant, and its officers, directors, agents, employees, and all persons acting in concert with them, from engaging in any further conduct that would result in violation of the Antitrust Statutes.

B. An award of attorneys' fees, costs and treble damages under the relevant Antitrust Statutes, the Declaratory Judgment Act, and any other applicable laws.

C. A declaratory judgment that plaintiff/counter-defendant's asserted patent is invalid and/or unenforceable.

D. A declaratory judgment that Vision Dynamics has not infringed upon plaintiff/counter-defendant's asserted patent.

E. Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: August 11, 2008

MEYERTONS HOOD KIVLIN
KOWERT & GOETZEL PC

By:    /s/Dwayne K. Goetzel
     Dwayne K. Goetzel
     (admitted pro hac vice)
Attorneys for Defendant
Vision Dynamics, LLC

James E. Doroshow
Brian T. Hafter
Matthew Borden
LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP
199 Fremont Street, 20th Floor
San Francisco, CA 94105-2255