IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOKUYAMA CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>VISION DYNAMICS, LLC,<br><br>    Defendant.<br>_____/ | No. C 08-2781SBA<br><br>**ORDER**<br>**[Docket No. 9]** |

Before the Court is defendant Vision Dynamic's "Motion to Stay the Litigation for the Reexamination of the '017 Patent," [Docket No. 9, Motion], the plaintiff's "Opposition" [Docket No. 34] and defendant's "Reply" [Docket No. 37]. After reading and considering the arguments presented by the parties, the Court finds this matter appropriate for resolution without a hearing. For the reasons that follow, the Court DENIES Defendants' motion.

**BACKGROUND**

Plaintiff Tokuyama Corporation ("Tokuyama") filed the instant patent infringement Complaint on June 4, 2008, asserting one patent infringement claim against Defendant Vision Dynamics. [Docket No. 1, Complaint]. Tokuyama alleges that Vision Dynamics infringed its '017 patent by "making, importing, selling and/or offering to sell products and/or technology that embody Tokuyama's patented technology." [Compl. ¶13]. Three weeks later, on June 25, 2008, Vision Dynamics filed with the PTO a request for reexamination of the Reexamined Patent. [Motion, Ex. 2]. Vision Dynamics filed its Answer and Counterclaims in August 2008, withdrew it by stipulation and resubmitted an amended Answer and Counterclaims on September 22, 2008. [Docket No. 34]. The three counterclaims seek a declaration of patent invalidity and/or unenforceability, a declaration of noninfringement and allege antitrust violations based on the bringing of this action to enforce a patent in bad faith for attempted monopolization. [Docket No. 36, Answer and Counterclaims].

Prior to bringing this action, Tokuyama proposed a license agreement, the terms of which were ultimately rejected by Vision Dynamics. In the course of their correspondence between February 2007 and May 2007, they also discussed their infringement and invalidity theories. [Pl.'s Opp'n, Shimoda Decl., ¶¶ 2-4, Exs. A and B].

The Court has scheduled a case management conference, but has not yet entered a scheduling order nor held the case management conference. No discovery has been submitted or occurred. The parties have not served infringement contentions, invalidity contentions, or engaged in any claim construction whatsoever. Finally, the Court has not set this case for trial. [Motion, p. 2]. In opposing this motion, Tokuyama asserts that in spite of the case being in the initial stages, it has nevertheless expended significant amounts of time, money, and internal resources conducting detailed analyses of Vision Dynamics' alleged infringement and preparing a proposed license agreement for Vision Dynamics. [Pl.'s Opp'n, Shimoda Decl. ¶ 4].

Defendant filed the instant motion to stay all proceedings pending the outcome of their Request for Reexamination. The defendant's request for reexamination has not yet been granted. [Pl.'s Opp'n, p. 1].

**LEGAL STANDARD**

Re-examination is a procedure by which any person can request that the PTO re-examine or re-evaluate the patentability of an unexpired United States patent. *See* 35 U.S.C. § 302; *see also eSoft, Inc. v. Blue Coat Systems, Inc*., 505 F.Supp.2d 784, 786 (D.Colo. 2007). "Congress instituted the reexamination process to shift the burden or reexamination of patent validity from the courts to the PTO." *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 78 (D.D.C. 2002). Patent validity is a commonly asserted defense, and courts are cognizant of Congress's intent to utilize the PTO's specialized expertise to reduce costly and time-consuming litigation. *Id.*

Courts are not required to stay judicial proceedings pending re-examination of a patent. It is, however, within a district court's discretion to do so. *See, e.g., Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO examination"); *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 603 (Fed. Cir. 1985); *Telemac Corp. v.*

*Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1110 (N.D. Cal. 2006) (Wilken, J.). There is "a liberal policy in favor of granting motions to stay proceedings pending the outcome" of re-examination, especially in cases that are still in the initial stages of litigation and where there has been little or no discovery. *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994); *see also Robert H. Harris Co. v. Metal Mfg. Co.*, 19 U.S.P.Q. 2d 1786, 1788 (E.D. Ark. 1991) ("[t]he legislative history surrounding the establishment of the reexamination proceeding evinces congressional approval of district courts liberally granting stays").

However, a court is under no obligation to delay its own proceedings by yielding to ongoing PTO patent reexaminations, regardless of their relevancy to infringement claims which the court must analyze. *See NTP, Inc. v. Research In Motion, Ltd.*, 397 F.Supp.2d 785, 787 (E.D. Va. 2005) (citing *Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001)) . There is no *per se* rule that patent cases should be stayed pending reexaminations, because such a rule "would invite parties to unilaterally derail" litigation. *Soverain Software LLC v. Amazon.Com*, Inc., 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005).

In determining whether to grant a stay pending re-examination, courts consider: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *See Telemac*, 450 F. Supp. 2d at 1110; *KLA-Tencor Corp. v. Nanometrics, Inc.*, 2006 WL 708661, at *2 (N.D. Cal. 2006); *IMAX Corp. v. In-Three, Inc.*, 385 F. Supp. 2d 1030, 1032 (C.D. Cal. 2005). A trial court's order staying an infringement suit pending the completion of re-examination proceedings is not appealable. *See Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983), *cert. denied*, 464 U.S. 935 (1983).

**ANALYSIS**

**I.   Discovery has not begun and no trial date has been set.**

The first factor examines "whether discovery is complete and whether a trial date has been set." Here, the parties have not yet appeared at a scheduling conference under Federal Rule of Civil Procedure 16. They have not conducted any discovery, nor filed any dispositive motions. Likewise,

the Court has not set a briefing schedule for claim construction nor a trial date. Courts have noted "there is 'a liberal policy in favor of granting motions to stay proceedings pending the outcome' of reexamination, especially in cases that are still in the initial stages of litigation and where there has been little or no discovery." *Telemac* at 1111 (quoting *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F.Supp. 1378, 1381 (N.D. Cal. 1994)). In fact, many courts have granted stays well beyond discovery's completion, well into litigation, and very close to trial. *See eSoft* at 788 (discussing cases).

On the other hand, the parties have a significant pre-litigation history that involves time and expense invested in the dispute over the alleged infringement and invalidity of the patent. They began communicating about the alleged infringement of the '017 patent over a year and a half ago. [Shimoda Decl. ¶2]. Vision Dynamics was apparently aware of the prior art references on which it principally relies in reexamination at that time, but did not request reexamination in the PTO until after this action was filed by Tokuyama. Moreover, the request for reexamination has not even been granted yet.

Yet, in terms of the instant proceedings rather than any pre-litigation history, this case is in its initial stages and this factor weighs in favor of issuing a stay.

**II.    The pending reexamination will not resolve all the issues in the litigation.**

The second factor examines "whether a stay will simplify the issues in question and trial of the case."

> The Federal Circuit has explained that a major "purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceedings)."

*eSoft* at 787 (quoting *Gould*, 705 F.2d at 1342).

Statistically, the defendant is correct that the PTO is likely to grant its request for an ex parte reexamination. The PTO grants 92% of all requests. [Pl.'s Opp'n, Shimoda Decl., Ex. C]. Of the claims that are reexamined, the PTO confirms *all* claims in approximately 25% of all reexaminations, cancels *all* claims in approximately 11% of them, and changes at least *some* claims in approximately 64% of them. U.S. Pat. & Trademark Office, Quarterly Ex Parte Reexamination

4

Filing Data Rep. (June 30, 2008); *see also Telemac* at 1110 (discussing data through 1992).  The odds favor at least some of the claims in dispute being cancelled by reexamination.  While the Court is not bound by the PTO's determination, its expertise is persuasive, and would likely save the parties and the Court considerable time, effort, and expenditure in resolving this matter.

If the Court stopped here in its analysis, then the second factor appears to weigh in favor of staying this matter.  But a stay pending reexamination does not simplify the issues and reduce the complexity of the trial *in every* case.  To do so, the outcome of the reexamination must "finally resolve all issues in the litigation."  *Gladish v. Tyco Toys Inc.*, 1993 WL 625509 *2 (E. D.Cal.1993); *see also IMAX Corp. v. In-Three, Inc.* 385 F.Supp.2d 1030, 1032 -1033 (C.D.2005)(denying motion to stay in part because the court must still address defendant's counterclaims, some of which are completely unrelated to patent infringement); *Enprotech Corp. v. Autotech Corp.*, 1990 WL 37217, (N.D.Ill.1990) (denying motion to stay in part because PTO would not resolve claims of inequitable conduct).

Here, Vision Dynamics has alleged a counterclaim for various antitrust violations. Although one allegation refers specifically to the invalidity of the patent, and so is "related to the patent in reexamination" (Reply, p. 11), the remainder of the claim alleges "bad faith," "illegal" and "predatory and anticompetitive conduct," none of which is within the scope of the PTO.  Regardless of the result of the reexamination, issues related to Vision Dynamics' antitrust counterclaim will still need to be resolved by the Court. Reexamination, therefore, will not "finally resolve all issues in the litigation." *Gladish* at *2.  The second factor, on the balance,  weighs more in favor of proceeding with the litigation.

**III.    A stay would neither unduly prejudice nor advantage the parties.**

The third factor examines "whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party."  Here, Tokuyama argues that by staying the action, the Court would reward Vision Dynamics for "unexcused delay in seeking reexamination." [Opp'n, p. 5].  Though true that the reexamination process is lengthy,[1] "[m]ere delay, without more though, does

---

[1] The average reexamination pendency is two years. [Shimoda Decl., Ex. C].

5

not demonstrate undue prejudice." *Ho Keung Tse v. Apple Inc.*, 2007 WL 2904279, 4 (N.D.Cal.2007) (citing *Nanometrics*, 2007 WL 627920 *3).  There is no evidence that Defendant has requested reexamination as a dilatory tactic.  Vision Dynamics filed for reexamination of the patent 21 days after the Complaint was filed. This is not a case where, for example, a party requested reexamination only after either an unfavorable ruling by the court or a favorable ruling by the PTO. *See, e.g.*, *Fresenius Medical Care Holdings, Inc. v. Baxter Intern., Inc.*, 2007 WL 1655625, *6 (N.D.Cal.2007) (denying stay where party waited until it had had a trial, had litigated motions for judgment as a matter of law and for a new trial on the merits, and then had a favorable PTO action to request a stay).

This factor does not tilt the scales in favor of either staying the action or proceeding.  Thus, taking all of the factors into consideration, the Court concludes that a stay of the proceedings pending the reexamination of the patent is not warranted.

## CONCLUSION

Defendant's Motion to Stay the Litigation for the Reexamination of the '017 Patent is DENIED.

IT IS SO ORDERED.

Dated: 10/2/08

SAUNDRA BROWN ARMSTRONG
United States District Judge

6