IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOKUYAMA CORPORATION, | No. C 08-2781 SBA |
| Plaintiff, | **ORDER**<br>**[Docket No. 40]** |
| v. | |
| VISION DYNAMICS, LLC, | |
| Defendant. | |

Currently before the Court is Defendant's Motion for Leave to File a Motion for Reconsideration [Docket No. 40]. Having read and considered the arguments presented by the defendant in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing. For the reasons that follow, the Court hereby DENIES the Motion for Leave to File a Motion for Reconsideration.

## BACKGROUND

Defendant seeks leave to file a motion for reconsideration of this Court's Order denying defendant's motion to stay the action pending patent reexamination. [Docket No. 38]. Defendant states the grounds for its motion as follows:

> The Court's October 2, 2008 Order found that the motion to stay should be denied solely because Vision Dynamics asserted "a counterclaim for various antitrust violation." Vision Dynamics has now removed this counterclaim from the case. Thus, the reason why the Court denied the motion to stay has been removed.

[Motion for Leave to File for Reconsideration, p. 2].

## LEGAL STANDARD

Under Civil Local Rule 7-9(b), before leave to file a motion for reconsideration is granted, the moving party must specifically show:

1  (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b).

## ANALYSIS

The gravamen of defendant's motion is that the Court decided to deny its motion to stay the proceedings for only one reason: there is an antitrust counterclaim in its Amended Answer and Counterclaims [Docket No. 36] that cannot be resolved by the patent reexamination. The ostensible sole obstacle being removed – by a post-Order filing on October 3, 2008, of a Second Amended Answer and Counterclaims which eliminates the antritrust counterclaim – the defendants request the Court now reconsider its order and grant the stay.

This Court denied the motion to stay the litigation after a considered analysis of three relevant factors. The elimination of the antitrust counterclaim does not, in and of itself, favor staying the action. First, a court is under no obligation to delay its own proceedings by yielding to *ongoing* PTO patent reexaminations, regardless of their relevancy to infringement claims which the court must analyze. *See NTP, Inc. v. Research In Motion, Ltd.*, 397 F.Supp.2d 785, 787 (E.D. Va. 2005) (emphasis added) (citing *Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001)). Second, there is no "*ongoing*" patent reexamination. The PTO has not granted the defendant's request for reexamination yet, let alone begun the reexamination process. This not only affects the Court's analysis of the second factor, but of the third factor as well. That no PTO proceedings are underway creates a delay to the plaintiffs which is prejudicial. While a delay created simply because proceedings are *already* underway is not a basis for demonstrating "undue prejudice," this delay is different. Viewed in this light, the third factor favors proceeding with the action.

As this Court has already stated in its Order, a district court is not required to stay judicial proceedings pending re-examination of a patent. It is, however, within a district court's discretion to do so. *See, e.g., Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). There is no *per se* rule that patent cases should be stayed pending reexaminations, because such a rule "would invite parties to unilaterally derail" litigation. *Soverain Software LLC v. Amazon.Com*, Inc., 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005).

## **CONCLUSION**

For the reasons stated above, the defendant's Motion for Leave to File a Motion for Reconsideration [Docket No. 40] is DENIED.

IT IS SO ORDERED.

Dated: 10/8/08

SAUNDRA BROWN ARMSTRONG
United States District Judge

3